UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BILLY JAMES MILES,

                    Plaintiff,

v.                                        CASE NO. 2:09-CV-11192
                                          HONORABLE GERALD E. ROSEN

C.O. TCHROZYNSKI,

                    Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**      **Introduction**

Plaintiff Billy James Miles, a state prisoner confined at the Standish Maximum

Correctional Facility in Standish, Michigan, has filed a *pro se* civil rights complaint pursuant to

42 U.S.C. § 1983 alleging that Corrections Officer Tchrozynski has "harassed and threatened"

him and "made several sexual innuendos" toward him and that such remarks were made "in

retaliation."  Plaintiff seeks monetary damages and a transfer out of the Michigan Department of

Corrections System.  The Court has granted Plaintiff's application to proceed without

prepayment of the costs and fees for this action.

Having reviewed Plaintiff's complaint, the Court now dismisses it pursuant to 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court also concludes that an appeal from this decision cannot be taken in good faith.

**II.**     **Discussion**

Plaintiff has been granted *in forma pauperis* status.  Under the Prison Litigation Reform

Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte*

1

dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. §§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) for failure to state a claim upon which relief may be granted.

As noted, Plaintiff alleges that Corrections Officer Tchorzynski violated his constitutional rights by engaging in acts of verbal harassment and threats and that such remarks were retaliatory in nature. It is well-established, however, that allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *See Ivey v. Wilson*, 832

2

F.2d 950, 954-55 (6th Cir. 1987); *Davis v. Michigan Dept. of Corrections*, 746 F. Supp. 662, 667 (E.D. Mich. 1990). Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights. *See Miller v. Wertanen*, 109 Fed. Appx. 64, 65 (6th Cir. 2004). Verbal threats and abuse made in retaliation for filing grievances are likewise not actionable. *See Carney v. Craven*, 40 Fed. Appx. 48, 50 (6th Cir. 2002). Thus, while the Court does not condone the alleged conduct complained of, it must conclude that Plaintiff's allegations of verbal harassment and threats by the defendant fail to state a claim upon which relief may be granted under § 1983. His complaint must therefore be dismissed.

## III.   Conclusion

Based upon the foregoing analysis, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** the complaint. The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/Gerald E. Rosen_____
GERALD E. ROSEN
CHIEF JUDGE, U.S. DISTRICT COURT

Dated:  April 7, 2009

3

**CERTIFICATE OF SERVICE**

I hereby certify that on ___April 7, 2009____,I hereby certify that I have mailed by United States
Postal Service the paper to the following non-ECF participants:
_____Billy James Miles_____
_____.

s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(313) 234-5137